08-3973-ag
Fuller v. Bd. of Immigration Appeals

DENNIS JACOBS, <u>Chief Judge</u>, concurring:


I concur in the dismissal of this appeal, but I do so on an alternative ground: our jurisdiction depends on the existence of a final order of removal, 8 U.S.C. § 1252(a)(1), and the Board of Immigration Appeals (BIA) has vacated the final order on which our jurisdiction depended.

The majority opinion arrives at the same result on the ground that the appeal is moot (which it is), but I decline to sign the opinion for two reasons. First, it casts aspersion on the natural and conclusive ground of decision: the BIA's vacatur of the final order, without more. Then, having sidestepped the obvious, bright-line ground of decision, the majority prefers a mootness approach that would sow complexity and uncertainty in future cases. Thus the majority opinion reserves decision on "whether a petition for review of a vacated order would present a live case or controversy if the order granting reconsideration and vacating the prior order left the reasoning of the prior order substantially intact." Maj. Op. at 2. Whether reasoning is "substantially intact" is a question that is dicey as well as unnecessary. I see no reason why this panel or any subsequent panel should autopsy an order that

has become defunct.

All this said, the majority opinion does no real damage. No holding or precedential effect inheres in the subjective notation that the majority is "not persuaded . . . that statutory finality is the relevant jurisdictional inquiry." Maj. Op. at 4. It therefore scarcely matters that it is also wrong.

One premise for the majority's skepticism is that the 2008 Order was final "at the time Fuller filed the instant petition for review," Maj. Op. at 4; however, even if the 2008 Order was final at the time Fuller filed her petition, "[d]efects in subject matter jurisdiction . . . may be raised at any time during the proceedings." Fox v. Bd. of Trustees of State Univ. of N.Y., 42 F.3d 135, 140 (2d Cir. 1994); see also Fed. R. Civ. P. 12(h)(3) ("If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action.").

The second premise is that "the government has not articulated in what way the vacatur affected the finality of the 2008 Order." Maj. Op. at 4. But the government *has* articulated that vacatur of the 2008 Order rendered it no longer a "final order of removal" and therefore not a proper

2

subject of jurisdiction under 8 U.S.C. § 1252(a)(1).

Nothing more is needed by way of explanation.